**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

2017 MAY 18  PM 12:57

CLERK
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

STEPHEN UEBELACKER, an individual,

          Plaintiff,

v.

**CITY OF NORTHPORT**, a Florida municipal corporation, and **KEVIN VESPIA**, an individual,

          Defendants.

**CIVIL ACTION**

Case No. 8:17-cv- 1176-T-33MAP

Judge:

Mag. Judge:

## COMPLAINT AND DEMAND FOR JURY TRIAL

    **NOW COMES** the Plaintiff, **STEPHEN UEBELACKER** ("UEBELACKER"), by and through undersigned counsel, and state the following for his Complaint:

### CAUSES OF ACTION

    1.    This is an action brought via 42 U.S.C. §1983 for violation of the Fourteenth Amendment of the United States Constitution, and for violation of Florida's Public Whistleblower Statute F.S. §112.3187 (PWA).

### PARTIES

    2.    The Plaintiff, **STEPHEN UEBELACKER** ("UEBELACKER") is an individual and a resident of Florida who at all material times resided in Charlotte County, Florida and was employed by **CITY OF NORTH PORT** ("CITY").

    3.    Defendant, **CITY** is a Florida municipal corporation in Charlotte County, Florida, and employed **UEBELACKER** as a police officer. **CITY** employed **UEBELACKER** in Sarasota County, Florida.

1


TPA0436/18

4.      Defendant **VESPIA** is sued in his individual capacity, is a person as intended by 42 U.S.C. §1983 and at all relevant times acted under the color of state law. At all material times, **VESPIA** knew or was on notice that his conduct would result or likely result in a deprivation of the rights afforded to **UEBELACKER** under the laws and statutes of the United States and State of Florida and that its conduct would subject it to liability under 42 U.S.C. §1983 for violation of the 14th Amendment of the Constitution of the United States of America.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6.      This Court has supplemental jurisdiction over **UEBELACKER**'s state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff works in, and the Defendants conduct business in, and some or all of the events giving rise to Plaintiff's claims occurred in Sarasota County, Florida, which is within the Middle District of Florida. Venue is proper in the Tampa Division under Local Rule 1.02(b)(5) since Sarasota County is within the Tampa Division.

## GENERAL ALLEGATIONS

8.      **UEBELACKER** was employed by **CITY** as a police officer and held the rank of captain.

9.      **UEBELACKER** began his employment with the **CITY** in April 2014.

10.     **UEBELACKER** always performed his duties in a professional matter and was very well qualified for his position.

11.     Prior to engaging in statutorily protected conduct as described herein, **UEBELACKER** always received excellent performance reviews.

2

12.   In fact, on December 2, 2016, **CITY** and **VESPIA** provided **UEBELACKER** with an exceptional performance evaluation where **UEBELACKER** was awarded 71 of a possible 78 points.

13.   On or about February 22, 2017, **UEBELACKER** filed a written, signed complaint with the **CITY** regarding **VESPIA** and the police department.

14.   **UEBELACKER**'s complaint expressed concerns over issues and concerns related to violations of policy, law, and waste of public funds.

15.   Specifically, the complaint addressed (a) concerns with **VESPIA**'s violations of the Florida Law Enforcement Officer's Bill of Rights in the internal investigation involving Officer's Clark and McHale, (b) concerns with the illegal arrest of an 89-year old lady for fleeing or attempting to elude a law enforcement officer when she in fact was having a stroke and **VESPIA**'s refusal to take any remedial action, which cost the **CITY** roughly $80,000.00 to settle a civil lawsuit, (c) concerns about **VESPIA** ignoring illegal arrests where the elements of the charged crime where nowhere near to being met, (d) concerns regarding **VESPIA** ignoring a K9 officer's pattern of illegal excessive use of force, (e) concerns regarding **VESPIA** ignoring repeated illegal searches in violation of the Fourth Amendment by Officer Bush and Sergeant Donohew, (f) concerns regarding **VESPIA** allowing preferential treatment of certain members of staff where they are being permitted to work on holidays at the rate of 2 and ½ times their salary, which is gross waste and unnecessary costs to taxpayers, and (g) **VESPIA** ignoring concerns regarding the use of alcohol by other **CITY** police officers.

16.   **UEBELACKER**'s complaint was hand delivered to **VESPIA** on February 22, 2017.

17.   **VESPIA** reviewed **UEBELACKER**'s signed, written complaint on the spot.

3

18.     **UEBELACKER** then asked **VESPIA** if he could return to work, to which **VESPIA** replied "no."

19.     **VESPIA** immediately and without warning placed **UEBELACKER** on administrative leave.

20.     **CITY** did not open an internal affairs investigation against **UEBELACKER**.

21.     **CITY** did not advise **UEBELACKER** that he had committed any wrongdoing whatsoever.

22.     On February 28, 2017, **VESPIA** demanded **UEBELACKER** be present for a meeting wherein **VESPIA** informed **UEBELACKER** that he could either resign or the termination process would be considered.

23.     **UEBELACKER** refused to resign.

24.     **VESPIA** then ignored the counsel of **CITY**'s human resources personnel, and signed correspondence in front of **UEBELACKER** terminating him. **VESPIA** handed the letter to **UEBELACKER**.

25.     **VESPIA**'s reason for the termination referenced **UEBELACKER**'s February 22, 2017 complaint and was allegedly because **UEBELACKER**'s "management style and philosophical differences do not fit in with the organizations [sic] philosophy and vision and has proved to be detrimental to the organization."

26.     The **CITY** failed to provide **UEBELACKER** any predisciplinary conference whatsoever.

27.     The 14th Amendment to the U.S. Constitution provides in part: "No State shall … deprive any person of life, liberty, or property, without due process of law."

28.     The **CITY** failed to provide **UEBELACKER** notice and an opportunity to be heard as proscribed by the 14th Amendment to the United States Constitution, Florida Statutes and administrative law.

29.     **UEBELACKER** had a right to procedural due process before being deprived of his property interest in continuing employment by **VESPIA**.

30.     Pursuant to **CITY** policy, **UEBELACKER** submitted a written appeal of the termination and clearly identified that such was in violation of the PWA.

31.     The **CITY** then scheduled an informal meeting with an assistant city manager to discuss **UEBELACKER**'s formal appeal. The **CITY** explicitly denied that the meeting was any kind of a "hearing." However, **CITY** code requires the meeting to be conducted by the city manager, not the assistant city manager.

32.     The **CITY** then denied **UEBELACKER** the right to appear with counsel at the meeting with the assistant city manager. **UEBELACKER** was denied the right to present witnesses.

33.     On March 30, 2017, the assistant city manager upheld the termination of **UEBELACKER**.

34.     The **CITY** failed to provide any kind of adequate procedures to remedy the procedurally flawed deprivation of **UEBELACKER**'s protected property interest in his continued public employment.

35.     In fact, the City provided no means whatsoever for **UEBELACKER** to remedy the deprivation of his property interest in his continued public employment.

36.     **UEBELACKER** has no adequate state remedies to remedy the unconstitutional deprivation of his property interest in his continuing public employment.

37.     The **CITY** never investigated **UEBELACKER**'s complaint.

## COUNT I- VIOLATION OF PROCEDURAL DUE PROCESS VIA 42 U.S.C. §1983-CITY & VESPIA

38.     Plaintiff incorporates by reference Paragraphs 1-37 of this Complaint as though fully set forth below.

39.     42 U.S.C. §1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

40.     **UEBELACKER** possessed a clearly established and constitutionally protected property interest in his continued employment and **VESPIA** knew the same.

41.     **VESPIA**, acting under the color of State law, intentionally and maliciously denied **UEBELACKER** his Constitutional right to procedural due process by extraordinarily terminating **UEBELACKER** through his intentional refusal to afford **UEBELACKER** any adequate pre-deprivation due process to remedy the impending deprivation of **UEBELACKER**'s federally protected property interest in his continued employment.

42.     There was absolutely no emergency situation or special circumstance that required **VESPIA** to extraordinarily terminate **UEBELACKER**.

43.     **VESPIA** failed to afford **UEBELACKER** procedural due process, such as notice and an opportunity to be heard, prior to **UEBELACKER** being deprived of his federally protected property interest in his continued employment.

44.     It was not, and could not have been, objectively reasonable for **VESPIA** to believe that his acts did not violate **UEBELACKER**'s clearly established federal rights.

6

45.     The actions of **VESPIA** were intentional, willful, and malicious and/or in deliberate indifference for **UEBELACKER**'s clearly established federal legal right to procedural due process as secured by the 14th Amendment to the United States Constitution, in addition to Florida Statutes and the Florida Administrative Code.

46.     **VESPIA** could not have believed his extraordinary termination of **UEBELACKER** was lawful in light of the clearly established federal law and state law governing extraordinary terminations and their related procedures.

47.     As **VESPIA** was aware that his conduct was likely in violation of the 14th Amendment of the United States Constitution, in addition to State law and regulations, his decision to proceed without the hearings or any adequate remedy and extraordinarily terminate **UEBELACKER** was objectively unreasonable.

48.     The actions of **VESPIA** in intentionally engaging in violations of **UEBELACKER**'s rights under the 14th Amendment of the United States Constitution, in addition to State law and regulations, put into motion a series of events that permanently deprived **UEBELACKER** of his federally protected property interest without the necessary procedural due process, or any adequate remedial process.

49.     **UEBELACKER** was denied notice and an opportunity to be heard prior to his termination as required by the 14th Amendment of the United States Constitution and state law.

50.     As a result of **VESPIA**'s denial of notice and an opportunity to be heard prior to depriving **UEBELACKER** of his federally protected property interest in his employment, there are no available state procedures to correct the Constitutional deprivation of **UEBELACKER**'s due process rights as upon being suddenly terminated **UEBELACKER** was immediately rendered without any source of income or benefits, and is unable to sufficiently correct the

procedural deficiencies through state processes as no state processes properly remedy the deprivation of his procedural due process rights.

51.   The **CITY** ratified and endorsed **VESPIA**'s actions in regard to **UEBELACKER.**

52.   **UEBELACKER** has suffered great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE,** Plaintiff respectfully requests:

i.   All wages and benefits **UEBELACKER** would have received but for the deprivation of his federal and state rights;

ii.   Compensatory damages in an amount to be determined at trial to compensate **UEBELACKER** for his depression, humiliation, anguish, emotional distress, and defamation, caused by **VESPIA**'s conduct;

iii.   **VESPIA** be required to pay prejudgment interest to **UEBELACKER**'s on these damages;

iv.   A permanent injunction enjoining **VESPIA** from engaging in the employment practices complained of herein;

v.   A permanent injunction requiring that **VESPIA** adopt employment practices and policies in accord and conformity with the requirements of the 14th Amendment of the United States Constitution, Florida Statutes and the Florida Administrative Code, and further requiring that **VESPIA** adopt and initiate effective remedial actions to ensure the 14th Amendment of the United States Constitution and Florida Statutes are adhered to;

8

vi. A declaratory judgment that **VESPIA**'s actions violated federal law, and the 14th Amendment to the United States Constitution;

vii. The Court retain jurisdiction of this case until such time as it is assured that the **VESPIA** has remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

viii. An award of reasonable attorneys fees, costs, and litigation expenses, and;

ix. Such other relief as the Court may deem just or equitable.

## COUNT II – VIOLATION OF FLORIDA'S PUBLIC WHISTLEBLOWER ACT (PWA)-CITY

53.     Plaintiff incorporates by reference Paragraphs 1-33 of this Complaint as though fully set forth below.

54.     This Count is timely brought under F.S. §112.3187(8)(c) as **UEBELACKER** has exhausted all available administrative remedies.

55.     At all material times, **UEBELACKER** was an employee and the **CITY** was his employer covered by and within the meaning of the PWA.

56.     **UEBELACKER** was qualified for the positions that he held with the **CITY**.

57.     **UEBELACKER** did engage in statutorily protected activity.

58.     **UEBELACKER** did make several disclosures of the **CITY**'s violations of federal, state, and/or local laws, rules, and/or regulations committed which created and presented a substantial and specific danger to the public's health, safety, or welfare.

59.     **UEBELACKER** did make several disclosures of **VESPIA**'s gross mismanagement, malfeasance, misfeasance, nonfeasance, and/or neglect of duty.

60.     **UEBELACKER** was not under investigation or on administrative leave prior to his engaging in statutorily protected activity.

9

61.    **UEBELACKER** did suffer adverse employment action, which is causally linked to his engagement in statutorily protected activity.

62.    **UEBELACKER** made his disclosures on his own initiative in a written, signed complaint to the appropriate local official.

63.    **UEBELACKER**'s complaints constitute a protected activity because his complaints were concerning an unlawful activity of **VESPIA** and **CITY**.

64.    Said protected activity was the proximate cause of the **CITY**'s negative employment actions against **UEBELACKER**, which included **UEBELACKER**'s termination.

65.    Instead of investigating **UEBELACKER**'s complaints and lauding his honest reporting of violations of law, rules and/or regulations, **VESPIA** and the **CITY** retaliated against **UEBELACKER** by terminating his employment.

66.    The acts, failures to act, practices and policies of the **CITY** set forth above constitute retaliation in violation of the PWA.

67.    As a direct and proximate result of the violations of the PWA, as referenced and cited herein, **UEBELACKER** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

68.    As a direct and proximate result of the violations of the PWA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **UEBELACKER** is entitled to all relief necessary to make him whole as provided for under the PWA.

69.    As a direct and proximate result of the Defendant's actions, **UEBELACKER** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past

and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.  Injunctive relief directing the Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.  Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.  Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.  Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.  Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi.  Reasonable attorney's fees plus costs;

vii.  Compensatory damages, and;

viii.  Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, by and through her undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: May 15, 2017                    /s/Benjamin H. Yormak
                                       Benjamin H. Yormak
                                       Florida Bar Number 71272
                                       Trial Counsel for Plaintiff
                                       Yormak Employment & Disability Law
                                       9990 Coconut Road
                                       Bonita Springs, Florida 34135
                                       Telephone: (239) 985-9691
                                       Fax: (239) 288-2534
                                       Email: byormak@yormaklaw.com